# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **WILSON CHARLES** | * | **CIVIL ACTION NO. 06-0016** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALEZ, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by *pro se* Petitioner Wilson Charles ("Charles") on January 3, 2006. The Government has responded to Charles' petition (Doc. #8). For reasons stated below, it is recommended that Charles' petition be **DISMISSED without prejudice.**

## BACKGROUND

Charles, a native and citizen of Haiti, entered the United States on or around June 5, 1980. Charles applied for adjustment of his status in 1987, however his application was denied in 1988 for lack of prosecution. On December 7, 1993, Charles was found guilty of possession of cocaine with intent to distribute in North Carolina and was sentenced to seven years imprisonment. On March 7, 1994, a warrant for Charles' arrest and an immigration detainer was issued. Charles was issued an Order to Show Cause and Notice of Hearing charging him as removable based upon his prior entrance without inspection and his drug trafficking conviction.

On June 10, 1995, an immigration judge ordered Charles removed to Nassau, or in the alternative, to his native Haiti. Charles reserved appeal of the decision of the immigration judge. On May 22, 1997, a warrant was issued for Charles' removal.

On December 10, 2002, Charles was convicted again and sentenced to three years and six months. Immigration Detainers were issued to the North Carolina Department of Corrections on February 26, 2003 and April 29, 2005.

Charles was taken into custody by the United States Immigration and Customs Enforcement ("ICE") on May 3, 2005. Charles received notice that his custody would be reviewed on or about July 30, 2005, but he was subsequently scheduled by Headquarters (Travel Document Unit) for an interview with the Haitian Embassy on July 25, 2005, and to be deported on August 8, 2005. Charles' removal in August 2005 was postponed due to a change of Minister in the Haitian Embassy.

Charles' custody was reviewed on September 26, 2005. On September 28, 2005, the Field Office Director issued a Decision to Continue Detention to Charles. A second Decision to Continue Detention was issued following a review of his status in December 2005. The Field Office Director advised that Charles would be detained due to his criminal history and the pending request for a travel document from the Haitian Consulate. The Government responded that on March 2, 2006, ICE Headquarters stated that Charles is awaiting a chartered flight assignment for his removal to Haiti.

In his petition, Charles' sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Government, citing the Supreme Court's statement in *Zadvydas* that the expiration of the six-month detention period, by itself, does not warrant release, claims that Charles has failed to demonstrate that his removal is not likely in the reasonably foreseeable future. The Government, as it has done in nearly every *habeas* case involving a Haitian national, attributes the delays in removal to the recent election in Haiti of a new government. The Government claims negotiations over the resumption of repatriation interviews and flights are ongoing between the United States and Haiti and that it is likely that the petitioner will be removed in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has expired, Charles has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, Charles was actually set to be deported on August 8, 2005; however, his removal was postponed due to a change in Minister in the Haitian Embassy.

Although Charles has failed to demonstrate that removal, in this case, is unlikely in the reasonably foreseeable future, the undersigned notes that the Government's routine reliance on the delays allegedly caused by Haitian elections held months ago is growing increasingly tenuous. As it did in this case, the Government often alleges that repatriation negotiations are

ongoing, but it provides no evidence to substantiate these allegations. The undersigned notes that, should the government be unable to show that repatriations have actually commenced on a routine basis within the next few months, then the government's position that removal is likely in the foreseeable future will become untenable.

Indeed, if not for the fact that petitioner has an extensive criminal history such that he presents a danger to the community, the Government's decision to continue his detention would be questionable even at this time. Because ICE contends that the resumption of repatriation flights to Haiti are underway, and Charles is currently awaiting his scheduling for a chartered flight to Haiti, it appears that there is a significant likelihood of Charles' removal in the reasonably foreseeable future. Thus, it is recommended that his petition be **DISMISSED without prejudice.** However, it is also recommended that the petitioner be advised to file a new habeas petition, with a request for expedited consideration, should the delays in his removal continue more than three or four more months.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of May, 2006.